UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA L. WHITAKER

    Plaintiff,

V.

UNITED COLLECTION BUREAU, INC.

    Defendant.

CIVIL ACTION NO.

CCB10CV 493

FEBRUARY 25, 2010

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Donna L. Whitaker, as an individual consumer, against Defendant United Collection Bureau, Inc., Inc. hereinafter ("UCB") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Donna L. Whitaker is a natural person residing in the Town of Laurel, County of Anne Arundel, and State of Maryland.

4. Defendant, UCB, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 5620 SOUTHWYCK BLVD, TOLEDO, OH 43614-0000.

5. Defendant UCB is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant UCB is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff received an initial demand letter from UCB.

8. Plaintiff contacted the Defendant by telephone on or about December 15, 2009.

9. Plaintiff spoke to Defendant UCB employee who identified himself as Mr. Coom.

10. Defendant's employee Mr. Coom failed to provide the required notice pursuant to 15 U.S.C. 1692 e(11).

11. Plaintiff advised the Defendant through its employee Mr. Coom, that she wanted to orally dispute the alleged debt.

12. Defendant's employee Mr. Coom advised the Plaintiff that she could not dispute the debt because UCB does not accept oral disputes as the FDCPA does not permit.

13. Defendant's employee Mr. Coom stated that he intended to continue to report the alleged debt to the credit bureaus without note of Plaintiff's dispute.

14. Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e.

15. Based on information and belief, AFNI did not report Plaintiff's dispute to the credit bureaus as required by §1692e (8).

16. Based on information and belief, Defendant AFNI continued to report the debt without note of Plaintiff's dispute.

17. Plaintiff was advised by Mr. Coom that the debt UCB was collecting was owed to CashCall, Inc..

18. The Maryland Department of Labor Licensing and Regulation sent out an advisory notice on July 20, 2009 stating to all licensed collection agencies in Maryland that it was illegal to pursue collections against MD residents for loans that were made by unlicensed entities like CashCall, Inc.

19. The Defendant violated MD regulations and the FDCPA when it attempted to collect the CashCall, LLC debt from the Plaintiff.

20. As a result of the acts alleged above, Plaintiff has been damaged.

## V. CLAIM FOR RELIEF

21. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

22. Defendant AFNI violated the FDCPA including but not but not limited to, the following:

(a) Violation of §1692e (2) (A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of §1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

(c) Violation of §1692e (11).

(d) Violation of §1692f.

23. As a result of the foregoing violations of the FDCPA, Defendant UCB is liable to the Plaintiff for declaratory judgment that UCB conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against defendant UCB for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com